JUSTICE TRIEWEILER
dissenting.
I dissent from the majority opinion.
The Burlington Northern Railroad Company contracted with Dr. James Burton to perform a defense medical examination and testify regarding his observations in two actions pending before the District Court for the Eighth Judicial District in Cascade County. For that reason, pursuant to Rule 26, M.R.Civ.P, the plaintiffs in those actions had a right to discover Burton’s opinions by taking testimony in the form of a deposition, which would also be filed and used in Cascade County District Court.
Burton’s involvement in both the underlying action and this action arises from an agreement to provide services in Cascade County. In the first instance, his testimony on behalf of the Railroad would, presumably, have been presented in person. As a result, the opposing parties had a right to take testimony from him, by way of deposition, which would also be used in Cascade County. In both instances he agreed to perform his part of each contract by giving testimony in, or for use in, Cascade County.
I conclude, therefore, that there was, at least, an implied contract between the plaintiffs and Burton. Burton agreed to provide testimony by way of deposition. The plaintiffs agreed to pay him a reasonable fee, as is required by Rule 26(b)(4)(C), M.R.Civ.P., for his testimony.
Section 25-2-121, MCA, provides that:
(1) The proper place of trial for actions upon contracts is either:
(a) the county in which the defendants, or any of them, reside at the commencement of the action; or
(b) the county in which the contract was to be performed. The county in which the contract was to be performed is:
(ii) if no county is named in the contract as the place of performance, the county in which, by necessary implication from the terms *370 of the contract, considering all of the obligations of all parties at the time of its execution, the principal activity was to take place.
In this case, all of Burton’s services for which he submitted his bill were related to the presentation of evidence in a personal injury suit pending in district court in Cascade County. Whether his services involved a personal appearance or the presentation of testimony by deposition makes no difference. The location from which he uttered the words which constituted the testimony to be presented in Cascade County makes no difference.
Burton contracted to perform services. The place of his performance was ultimately Cascade County. Therefore, venue is proper in Cascade County, regardless of the plaintiffs’ preferred theory for retaining it there.
For these reasons, I dissent from the majority opinion. I would affirm the District Court’s order denying Burton’s motion for change of venue.
JUSTICES HUNT and LEAPHART join in the foregoing dissenting opinion.